# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TONY SMITH,

    *Petitioner*,

vs.

DWIGHT NEVEN,

    *Respondent*.

2:13-cv-01644-JCM-PAL

ORDER

This matter filed as a habeas petition comes before the court on petitioner's application (#2) for leave to proceed *in forma pauperis* and for initial review.

The court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted.

Turning to initial review, the court clearly lacks jurisdiction over the subject matter of the petition given the allegations made and relief sought.

Plaintiff Tony Smith was convicted, pursuant to a guilty plea, of one count of grand larceny in No. C-12-285434 in the state district court. Petitioner was sentenced to 12 to 30 months with 201 days credit for time served. The judgment of conviction was filed on May 1, 2013, and, *inter alia*, a direct appeal from the conviction currently is pending in the state supreme court in No. 63161.

In the federal petition, Smith alleges that on August 9, 2013, the state supreme court improperly denied a motion for a court order directing appellate counsel to file allegedly nonfrivolous claims that petitioner wishes to pursue. In this proceeding, petitioner prays for an order from this court directing appellate counsel to file the claims in the state court appeal.

A federal district court does not have appellate jurisdiction over a state supreme court, whether by direct appeal, mandamus, and/or an exercise of supervisory appellate jurisdiction. *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). In seeking to have this federal district court override an order of the state supreme court in appellate proceedings currently pending in that court, petitioner unquestionably has sought to invoke appellate jurisdiction by the federal district court over the state supreme court. The court does not have such jurisdiction.[1]

This action therefore will be dismissed without prejudice for lack of jurisdiction over the subject matter. The Court finds that providing an opportunity for leave to amend would be futile and a waste of judicial resources.

IT THEREFORE IS ORDERED that the application (#2) to proceed *in forma pauperis* is GRANTED, such that petitioner shall not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the petition shall be DISMISSED without prejudice for lack of jurisdiction over the subject matter.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of this action for lack of jurisdiction to be debatable or incorrect. A criminal defendant in a pending state criminal appeal is seeking to have this court override an order by the state supreme court denying the defendant's *pro se* motion to have his direct appeal counsel raise claims that he wishes him to pursue. A federal district court indisputably does not have such a supervisory appellate jurisdiction over a state supreme court. *Rooker, supra; Bianchi, supra.* The invocation of federal jurisdiction in this case is frivolous on its face.

---

[1] The court further would note that petitioner's request for relief is likely also barred by the abstention doctrine in *Younger v. Harris*, 401 U.S. 37(1971), as he seeks a federal court order interfering in a pending state criminal proceeding that currently is on appeal. However, the lack of appellate jurisdiction by this court over the state supreme court is an issue antecedent to consideration of possible *Younger* abstention. *See generally* Comment, *Federal Injunctive Relief Against Pending State Civil Proceedings: Younger Days Are Here Again*, 44 La.L.Rev. 967, 986-87 (1984). The court further expresses no opinion as to whether any federal constitutional claims presented in this court in support of the request for relief were exhausted in the state court proceedings.

The clerk shall enter final judgment accordingly, dismissing this action without prejudice for lack of jurisdiction over the subject matter.

DATED:  November 13, 2013.

_____
JAMES C. MAHAN
United States District Judge